| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------x<br>CHRISTOPHER LIVINGSTON,<br> Plaintiff, <br> - against – <br>THE CITY OF NEW YORK, RIKERS ISLAND<br>CORRECTIONAL CENTER, NEW YORK POLICE<br>DEPARTMENT, NEW YORK CITY DEPARTMENT<br>OF CORRECTIONS and JOHN DOES, #1-5,<br><br> Defendants. <br>------------------------------------------------------------------x | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Civil Action No.**<br><br>  **COMPLAINT** |

Plaintiff, CHRISTOPHER LIVINGSTON, by his attorney, complaining of the defendants herein upon information and belief, respectfully shows to this Court, and alleges as follows, upon information and belief:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also brings this action for violation of his rights under New York State law.

## VENUE AND JURISDICTION

2.      This court has original federal jurisdiction under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 as this case is being brought for civil rights violations by state actors under color of law, within the judicial district where the matters alleged in the within Complaint occurred.

3.      Jurisdiction in this matter is also present in that the Plaintiff, CHRISTOPHER LIVINGSTON, is a resident of the County of Kings within the State of New York.

4.      Jurisdiction in this matter is also present in that the Municipal Defendants, THE

CITY OF NEW YORK, RIKERS ISLAND CORRECTIONAL CENTER, NEW YORK POLICE DEPARTMENT, NEW YORK CITY DEPARTMENT OF CORRECTIONS, are headquartered in and conduct governmental business in the County of New York within the State of New York, the judicial district wherein the within action is being brought.

5.     Individual Defendants, "JOHN DOES #1-5" (the names being fictitious as their identities presently remain unknown) are or were acting in their official and individual capacities for the aforesaid Municipal Defendants. This action is brought against the Defendants, "JOHN DOES #1-5," in their individual are pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

6.     Venue is proper in this District because the Defendants conduct business within this District, and numerous acts and/or omissions claimed herein alleged took place within this district.

## PARTIES

7.     Plaintiff, at all relevant times, was and is a resident of RIKERS ISLAND CORRECTIONAL CENTER, including Otis Bantum Correctional Center and 1 Lower.

8.     Defendant John Doe #1 was at all times relevant to this Complaint a duly appointed and acting Commissioner of the Department of Corrections, acting under color of law and in his individual capacity within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage. He is entitled to indemnification under the law and by contract. He is sued herein in his individual capacity.

9.     Defendant John Doe #2 was at all times relevant to this Complaint a duly appointed and acting official in charge of Riker's Island Correctional Center, including the area where plaintiff was being housed at all times at issue, acting under color of law and in his individual capacity within the scope of his employment pursuant to the statutes, ordinances, regulations,

policies, customs, and usage. He is entitled to indemnification under the law and by contract. He is sued herein in his individual capacity.

10.     Defendant John Does #3-5 was at all times relevant to this Complaint a duly appointed and acting officers responsible for security at Riker's Island Correctional Center, in the area where plaintiff was being housed at all times at issue, acting under color of law and in their individual capacity within the scope of their employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage. They are entitled to indemnification under the law and by contract. He is sued herein in his individual capacity.

11.     At all times hereinafter mentioned, the individually named defendants, "JOHN DOES #1-5" were and still are individuals employed as commissioners, deputy commissioners, wardens, police officers, detectives, investigators, agents, servants, and/or employees of the aforesaid Municipal Defendants and were acting under the supervision of their respective departments and according to their official duties.

12.     At all times hereinafter mentioned, the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the actual rules, regulations, laws, statutes, customs, usages and/or practices of the City of New York and/or the other municipal defendants.

13.     Each and all of the acts of the Individual Defendants alleged herein were performed by said Defendants while acting within the scope of their employment by Municipal Defendants.

14.     Each and all of the acts of the Defendants, John Does, #1-5, as alleged herein, were performed by said Defendants while acting in furtherance of their employment with the Municipal Defendants.

<u>FACTS</u>

15.    On or about August 15, 2021, at approximately 1:30 p.m., Plaintiff, CHRISTOPHER LIVINGSTON, while wrongfully incarcerated and confined at Rikers Island Correctional Center since July 2021, he was violently set upon, attacked and assaulted from behind in his cell by one or more other inmates who were permitted to roam free, and open and close cells at will.  During the attack, Plaintiff was cut, slashed and stabbed by a scalpel-type instrument.  As a result of the attack, Plaintiff fell and otherwise sustained numerous injuries, which included his head, neck and right forearm.

16.    At all times relevant herein, Defendants failed to safeguard Plaintiff, allowed the violent inmates to be unsupervised, failed to duly have an officer on the floor area or at the desk station on the floor area.  John Doe #5, the officer stationed at the "bubble" station near the recreation area, who failed to timely and properly safeguard the Plaintiff.

17.    At all times relevant herein, Defendants allowed violent inmates in the Plaintiff's area to have scalpels and other weapons.

18.    At all times relevant herein, Defendants failed to provide Plaintiff with timely and properly medical care for his extensive injuries and health conditions.

19.    At all times relevant herein, Plaintiff, while charged with an alleged non-violent parole violation (failure to report), was incorrectly placed into a high class or maximum security area where gangs and violent inmates where permitted to operate with impunity.  Plaintiff was deprived of a proper and timely hearing on the violation, and was otherwise deprived of due process.

20.    The aforesaid occurrences and the injuries sustained by Plaintiff CHRISTOPHER LIVINGSTON were due to the misconduct of the Municipal Defendants and Individual Defendants, as employees of the City of New York and/or the NYC Department of Corrections,

as well as, in their policy-making and investigative capacities.

21.    It is alleged that supervising officials of Riker's Island CC failed to adequately supervise and instruct corrections officer(s) as to the proper practices and procedures in the discharge of his/her/their duty(ies); in failing to intercede, in violating Plaintiff, CHRISTOPHER LIVINGSTON's civil rights; in following and/or promoting negligent hiring practices; in failing to properly screen employees and potential employees; in failing to properly investigate employees and potential employees.

### AS AND FOR A FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS
#### (Violation of Civil Rights Pursuant to 42 U.S.C. § 1983)

22.    Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

23.    All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under the color of law.

24.    All of the aforementioned acts deprived the Plaintiff, CHRISTOPHER LIVINGSTON of the rights, privileges, and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

25.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as State Troopers, police officers and/or investigators with all the actual and/or apparent authority attendant thereto.

26.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as Corrections Officers and/or police officers pursuant to the customs, usages, practices, procedures, and the rules of THE STATE OF NEW YORK, THE CITY OF NEW YORK and NYC DEPARTMENT OF CORRECTIONS, all under the supervision of

ranking officers of the aforesaid agency or department.

27.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of their respective municipality/authority, which is forbidden by the Constitution of the United States.

28.    Defendants, collectively and individually, while acting under color of state law, violated Plaintiff's civil rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution, the Bill of Rights, procedural and substantive due process, as well as, the rights, privileges and immunities secured under 42 U.S.C. § § 1981; 1983; 1985 and 1986, the equal protection clause of the U.S. Constitution and the Constitution of the State of New York along with all other applicable laws, statutes and regulations.

29.    The acts complained of deprived Plaintiff, CHRISTOPHER LIVINGSTON, of his right:

A.    Not to be deprived of liberty without due process of law;

B.    To be free from seizure and arrest not based upon probable cause;

C.    To be free from searches not based upon probable cause;

D.    To be free from unwarranted and malicious criminal prosecution; and

E.    To receive equal protection under the law.

30.    As a result of the foregoing, the Plaintiff, CHRISTOPHER LIVINGSTON, has been damaged in the amount of TWO MILLION DOLLARS ($2,000,000.00) on the First Cause of Action.

**AS AND FOR A SECOND CAUSE OF ACTION AS TO ALL DEFENDANTS**
**(Abuse of Process Under 42 U.S.C. § 1983)**

31.    Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

32.     Defendants misrepresented and falsified evidence in handling the security and staffing issues at Riker's Island Correctional Center and in this matter, intimidated witnesses and engaged in deceptive practices in the reporting and investigation into the criminal conduct against the Plaintiff, CHRISTOPHER LIVINGSTON with the knowledge and/or participation of the Individual Defendants.  In doing so, each of the Defendants perpetuated due process violations and fraud within the correctional system.

33.     Defendants continued to hold Plaintiff despite their lack of any probable cause to initiate or continue criminal proceedings against the Plaintiff, and did so while subjecting Plaintiff to illegal conditions of confinement.

34.     Each and all of the Defendants acted with malice in failing to safeguard and illegally confining Plaintiff, CHRISTOPHER LIVINGSTON.

35.     As a result of the foregoing, the Plaintiff, CHRISTOPHER LIVINGSTON, has been damaged in the amount of TWO MILLION DOLLARS ($2,000,000.00) on the Second Cause of Action.

## AS AND FOR A THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS
### (*Monell* Violations)

36.     Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

37.     Defendants, collectively and individually, while acting under color of state law, violated Plaintiff's civil rights pursuant to policy, practice and/or custom (*Monell v. Dept. of Social Services*, 436 U.S. 658 (1978)).

38.     As a result of the foregoing, the Plaintiff, CHRISTOPHER LIVINGSTON, has been damaged in the amount of TWO MILLION DOLLARS ($2,000,000.00) on the Third Cause of Action.

## JURY DEMAND

39.     Plaintiff demands trial by jury of all matters relevant to the within action.

**WHEREFORE**, Plaintiff, CHRISTOPHER LIVINGSTON, demands judgment against the Defendants as follows:

- TWO MILLION DOLLARS ($2,000,000.00), both compensatory and punitive, on the first cause of action;

- TWO MILLION DOLLARS ($2,000,000.00), both compensatory and punitive, on the second cause of action;

- TWO MILLION DOLLARS ($2,000,000.00), both compensatory and punitive, on the third cause of action;

- A money judgment against Defendants for damages including, but not limited to, loss of freedom, legal fees incurred for frivolous criminal case, other economic damages, shame, humiliation, and mental distress;

- Penalties available under applicable laws;

- Costs of the within action incurred herein, including attorney's, lost wages, and expert fees;

- Attorneys' fees, including fees pursuant to 42 U.S.C. § 1988, 29 U.S.C. §216, and other applicable statues;

- Punitive damages against defendants;

- Pre-judgment and post judgment interest, as provided by law;

- A declaration that the acts and practices complained of herein violated 42 U.S.C. §1983, 42 U.S.C. §1988 and state law;

- Such other and further legal and equitable relief at this Court deems appropriate,

just and proper, together with attorneys' fees and the costs and disbursements of this

action.

DATED:       New York, New York
             August 15, 2024


                         Yours, etc.

,

                   BY:   EZRA B. GLASER
                         EZRA B. GLASER & ASSOCIATES
                         Of Counsel Attorney for the Plaintiff
                         **CHRISTOPHER LIVINGSTON**
                         3021 Fort Hamilton Parkway Suite #1R
                         Brooklyn, New York 11218
                         (212) 385-9300

                         NOVO LAW FIRM, PC
                         Attorneys for the Plaintiff
                         **CHRISTOPHER LIVINGSTON**
                         299 Broadway, 17th Floor
                         New York, New York 10007
                         (212) 233-6686

9

**Case #:** _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------------------------------------------------x

CHRISTOPHER LIVINGSTON,

Plaintiff,

- against -

THE CITY OF NEW YORK, RIKERS ISLAND CORRECTIONAL CENTER,
NEW YORK POLICE DEPARTMENT, NEW YORK CITY DEPARTMENT OF
CORRECTIONS and JOHN DOES, #1-5,

Defendants.

-----------------------------------------------------------------------------------------------------------------x

# COMPLAINT

-----------------------------------------------------------------------------------------------------------------x

EZRA B. GLASER & ASSOCIATES
Of Counsel Attorney for the Plaintiff
CHRISTOPHER LIVINGSTON
3021 Fort Hamilton Parkway Suite #1R
Brooklyn, New York 11218
(212) 385-9300

NOVO LAW FIRM, PC
Attorneys for the Plaintiff
CHRISTOPHER LIVINGSTON
299 Broadway, 17th Floor
New York, New York 10007
(212) 233-6686